**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATHEW RUSSO, | ) |
| | ) Case No. 1:14-cv-3637 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DYNAMIC RECOVERY SOLUTIONS LLC, a South Carolina limited liability company, | ) |
| | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff Mathew Russo brings this action to secure redress for the unlawful debt collection practices of Defendant Dynamic Recovery Solutions LLC, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue and personal jurisdiction are proper because (1) Defendant does business in this District, and (2) a substantial part of the events giving rise to Plaintiff's claims occurred here, including Defendant's wrongful debt collection conduct against Plaintiff that are the subject of this dispute.

## PARTIES

4. Plaintiff Mathew Russo is a natural person and resident of Kane County, Illinois.

5. Defendant Dynamic Recovery Solutions LLC ("Dynamic Recovery") is a South Carolina limited liability company with its principal place of business at 135 Interstate

Boulevard, Suite 6, Greenville, South Carolina 29615. Dynamic Recovery is a debt collection agency that collects and attempts to collect debts across the country, including in this District, and is licensed as a collection agency in Illinois through the Illinois Department of Financial and Professional Regulation (License No. 017021313).

## FACTS

1. On or about June 4, 2013, Defendant called the residential phone number owned by Plaintiff's roommate in an attempt to collect an alleged debt from Plaintiff.

2. During the June 4, 2013 phone call, Defendant's representative informed Plaintiff that he allegedly owed a debt in connection with Bally Total Fitness.

3. During the June 4, 2013 phone call, Plaintiff also informed Defendant's representative that the phone number Defendant called did not belong to him and was not in his name. Plaintiff requested that the phone number not be called in the future, and Defendant's representative acknowledged Plaintiff's request and agreed that the number would no longer be called.

4. Defendant's representative agreed to mail Plaintiff documentation validating the alleged debt. To date, Plaintiff has received no written correspondence from Dynamic Recovery.

5. On or about June 6, 2013, at approximately 12:45 p.m., Defendant called Plaintiff's roommate's phone number and left a voicemail message, substantially as follows:

> Hi, Mr. Russo. This is Joyce Davis. We spoke earlier in the week, in regards to an account of yours. I'm calling you back from Dynamic Recovery Solutions. I did send the letter out to you so I was just calling to see if we can go ahead and agree on the settlement offer and get a payment set up. If you could call me back my number is (866) 444-5497. You have a great day.

6. On or about June 15, 2013, Defendant again called Plaintiff's roommate's phone number in an attempt to collect an alleged debt from Plaintiff, leaving a message with Plaintiff's

roommate. Plaintiff's roommate notified Plaintiff about the call, informing Plaintiff that Joyce Davis had provided a call-back number of (866) 444-5497.

7. Plaintiff returned Dynamic Recovery's call on June 15, 2013, and again requested, inter alia, that his roommate's number not be called. In response, Defendant's representative assured Plaintiff that it would no longer attempt to call him. A representative of Defendant with whom Plaintiff spoke during a second, follow-up call to Dynamic Recovery later that day further confirmed that the number would no longer be called.

8. Nevertheless, on August 10, 2013, Defendant called Plaintiff's roommate's phone in an attempt to collect an alleged debt from Plaintiff. Plaintiff's roommate answered the call, and Defendant's representative immediately began discussing Plaintiff's alleged debt without confirming that she was talking with Plaintiff. Plaintiff's roommate cut Defendant's representative off and handed the phone to Plaintiff.

9. During the August 10, 2013 call, Defendant's representative informed Plaintiff that the alleged debt Dynamic Recovery was attempting to collect was related to a MBNA America credit card co-branded with Bally Total Fitness.

10. Plaintiff has never had a Bally Total Fitness credit card, and does not owe the debt that Defendant asserts he allegedly owes.

11. On information and belief, Defendant has made other calls and left other messages on Plaintiff's roommate's phone in an attempt to collect an alleged debt from Plaintiff.

12. Plaintiff has been harmed by Dynamic Recovery's conduct alleged herein, including suffering embarrassment and frustration as a result of Defendant's calls, especially where he repeatedly asked that Defendant cease calling his roommate's phone in an attempt to collect Plaintiff's alleged debt.

## COUNT I
### Violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

13.    Plaintiff realleges and incorporates the foregoing allegations as if fully set forth herein.

14.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), as he is a natural person who was allegedly obligated to pay a debt. In this case, the debt asserted to be owed was associated with a Bally Total Fitness credit card, and constituted an alleged obligation arising out of a transaction the subject of which was primarily for personal, family, or household purposes.

15.    Defendant constitutes a "debt collector" as defined by 15 U.S.C. § 1692a(6), in that it uses interstate mailings, telephone calls, and other instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects and attempts to collect debts owed or due or asserted to be owed or due others, and Dynamic Recovery is a licensed collection agency with the Illinois Department of Financial and Professional Regulation (License No. 017021313).

16.    The FDCPA provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt … at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

17.    Plaintiff repeatedly informed Defendant that he did not want to be contacted at his roommate's phone; as such, Defendant's continued attempts to collect an alleged debt from Plaintiff by calling his roommate's phone constituted communications at a place known or which should have been known to be unusual or inconvenient to Plaintiff, in violation of Section 1692c(a)(1) of the FDCPA.

18. Additionally, except in the limited context of obtaining location information under 15 U.S.C. § 1692b, the FDCPA also provides:

> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

19. Defendant repeatedly called Plaintiff's roommate's telephone in an attempt to collect an alleged debt from Plaintiff, and its representative left messages and even directly spoke with Plaintiff's roommate regarding Plaintiff's alleged debt, in violation of Section 1692c(b) of the FDCPA. Dynamic Recovery called Plaintiff's roommate's telephone number even after Plaintiff directly informed Defendant that the number did not belong to him and requested that further calls cease.

20. Section 1692e of the FDCPA prohibits debt collectors like Dynamic Recovery from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" including failing to disclose in the initial communication with the consumer that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose[,]" as well as "fail[ing] to disclose in subsequent communications that the communication is from a debt collector[.]" 15 U.S.C. § 1692e(11).

21. Defendant repeatedly failed to identify itself as a debt collector in communications to Plaintiff, including in the June 6, 2013 voicemail message left on his roommate's phone, where no disclosure was made at all, and during the August 10, 2013 conversation with Plaintiff, where Defendant's representative only provided the disclosure at the

end of the conversation. On information and belief, other communications to Plaintiff similarly failed to disclose that Defendant was a debt collector and/or that Defendant was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

22. Plaintiff was damaged by Defendant's conduct alleged herein, including suffering embarrassment and aggravation as a result of Dynamic Recovery repeatedly calling his roommate's phone, and even discussing Plaintiff's alleged debt with his roommate, despite Plaintiff's requests that it cease.

23. As a result of Defendant's violations of the FDCPA as alleged herein, Plaintiff is entitled to statutory damages of up to $1,000 and actual damages, as well as the costs of the action and reasonable attorney's fee as determined by the Court. *See* 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Mathew Russo prays that this Honorable Court award him the following relief against Defendant:

(a) Actual and statutory damages;

(b) Attorney's fees, litigation expenses, and costs of suit; and

(c) Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:   May 16, 2014                               Respectfully submitted,

                                                    MATHEW RUSSO


                                                    By:  /s/ Daniel J. Marovitch
                                                         Attorney for Plaintiff

Daniel J. Marovitch
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

*Counsel for Plaintiff*

...

Daniel J. Marovitch
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

*Counsel for Plaintiff*